IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SOUTHERN GEO-ENVIRONMENTAL CONSULTANTS, INC.,** *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION 09-0127-WS-N ) |
| **EDWARD S. HERZOG,** *et al.*, | ) ) |
| Defendants. | ) |

**ORDER**

This action comes before the Court on plaintiffs' Motion for Entry of Default and Default Judgment (doc. 15), wherein plaintiffs seek entry of default and default judgment against defendants, Edward S. Herzog, Ancient Gates & Supplies, LLC ("Ancient Gates"), and Paramount Gates & Security Cameras, LLC ("Paramount Gates"), jointly and severally, in the amount of $57,490, plus interest and punitive damages in an amount to be determined by the Court.

The court file reflects that plaintiffs, Southern Geo-Environmental Consultants, Inc. and Todd Lambert, initiated this action against Herzog, Ancient Gates and Paramount Gates by filing a Complaint (doc. 1) on March 12, 2009. On August 12, 2009, plaintiffs filed Returns of Service (doc. 13) purporting to reflect that all three defendants were served with process via private process server in Wilmington, North Carolina, on July 20, 2009. Pursuant to Rule 12, Fed.R.Civ.P., and as stated on the face of the Summonses, each defendant's answer or other responsive pleading was due within 20 days after service, or by no later than August 10, 2009. To date, however, defendants have failed to respond or otherwise appear in this action, despite having been summoned to do so fully six weeks ago. These circumstances, as reflected in the court file and/or recited on the face of plaintiffs' Motion, satisfy the criteria for a Clerk's Entry of Default pursuant to Rule 55(a), Fed.R.Civ.P.

That said, there is a significant technical infirmity in plaintiffs' filing. In particular,

plaintiffs improperly conflate the distinct procedures of a clerk's entry of default and a court's entry of default judgment.  The law is clear that these are separate steps that should not be combined into one.  *See, e.g., Ramada Franchise Systems, Inc. v. Baroda Enterprises, LLC*, 220 F.R.D. 303, 304 (N.D. Ohio 2004) ("An entry of default and a default judgment are distinct events that require separate treatment.").  "First, the party seeking a default judgment must file [an application] for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party."  *UMG Recordings, Inc. v. Stewart*, 461 F. Supp.2d 837, 840 (S.D. Ill. 2006); *see also Twist and Shout Music v. Longneck Xpress, N.P.*, 441 F. Supp.2d 782 (E.D. Tex. 2006) ("Securing a default judgment is a three-step procedure involving the defendants' default, entry of default, and a default judgment.").  The point is that a clerk's entry of default must precede an application to the district judge for entry of default judgment.  *See, e.g., Virgin Records America, Inc. v. Johnson*, 441 F. Supp.2d 963, 965 (N.D. Ind. 2006) ("Entry of default must precede an entry of default judgment."); *Fairman v. Hurley*, 373 F. Supp.2d 227, 231 (W.D.N.Y. 2005) ("Without first obtaining an entry of default, plaintiff cannot obtain a default judgment from this Court."); *Sun v. United States*, 342 F. Supp.2d 1120, 1124 n.2 (N.D. Ga. 2004) (finding motion for default judgment to be premature where plaintiff had failed to obtain entry of default, a prerequisite to a default judgment); *Canady v. Erbe Elektromedizin GmbH*, 307 F. Supp.2d 2, 8-9 (D.D.C. 2004) (pointing out "fatal flaw" in motion for default judgment where party had failed to ask clerk to enter default first, leaving party in no position to apply for entry of default judgment).  Plaintiffs have attempted to merge these two distinct steps into one by requesting both forms of relief contemporaneously.

      Under the circumstances, it is **ordered** as follows:

1. Plaintiffs' Motion for Entry of Default and Default Judgment (doc. 15) is **granted in part**, and **denied in part**.  In particular, plaintiffs' request that the Clerk of Court enter a default against all three defendants pursuant to Rule 55(a), Fed.R.Civ.P., is **granted**, and the Clerk is directed to do so.  However, plaintiffs' request for entry of default judgment is **denied** as premature.

2. The Clerk of Court is directed to send a copy of this Order to defendants Herzog, Ancient Gates and Paramount Gates at the address where service was perfected, to-wit: 8316 Lakeview Drive, Wilmington, NC 28412-3346.  **Defendants are cautioned that, given their defaulted status and their failure to appear in or defend against this action at any time, they are not entitled to receive any further notice or opportunity to be heard concerning plaintiffs' ongoing attempts to secure a default judgment against them, in the absence of immediate efforts by them to set aside the entry of default.**

3. If no motion to set aside the default has been filed by defendants pursuant to Rule 55(c) on or before **September 14, 2009**, plaintiffs are authorized to re-file their motion for entry of default judgment on or before **September 21, 2009**, pursuant to Rule 55(b)(2).  This renewed motion should be accompanied by such detailed affidavits and exhibits as plaintiffs deem necessary to support and document their claims for compensatory and punitive damages, along with an explanatory legal memorandum (supported by authorities as appropriate) and a proposed form of default judgment.[1]

DONE and ORDERED this 31st day of August, 2009.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE

---

[1] "While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages."  *Virgin Records America, Inc. v. Lacey*, 510 F. Supp.2d 588, 593 n.5 (S.D. Ala. 2007).  Even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters."  *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).